OPINION
On August 31, 1994, Misty L. Shaffer gave birth to Tyler S. Rusnak. On September 1, 1994, appellee, Jeremy A. Rusnak, signed a voluntary acknowledgment of paternity through the administrative processes of appellant, the Guernsey County Child Support Enforcement Agency. Pursuant to an administrative order dated September 2, 1994, appellee was found to be the natural father of the child and a father-child relationship was established. On November 10, 1994, Ms. Shaffer, through appellant, filed a complaint to establish paternity and child support determination. By judgment entry filed January 18, 1995, the trial court approved and ratified appellant's administrative orders. On December 19, 1995, appellant filed a motion for establishment of order for child support. A hearing before a magistrate was held on January 22, 1997. By decision filed January 24, 1997, the magistrate recommended that appellee pay child support in the amount of $49.85 per week. By entry filed same date, the trial court approved and adopted the magistrate's decision and ordered appellee to seek work. On January 28, 1997, appellee filed a motion for an order impounding all child support payments and an order for blood testing. By journal entry filed February 6, 1997, the trial court granted said motion. On July 17, 1997, appellee filed a motion for relief from judgment as the blood test established a 0.0% probability of paternity. A hearing was held on October 15, 1997. By entry filed October 23, 1997, the trial court granted said motion, vacating its prior order finding appellee to be the father of the child and terminating any obligation to pay child support. Appellant filed a notice of appeal on November 19, 1997. By opinion and judgment entry filed July 1, 1998, this court reversed the decision. See, In the Matter of: Misty Shaffer, et al. v. Jeremy Rusnak (July 1, 1998), Guernsey App. No. 97CA26, unreported. On January 11, 1999, appellee filed a motion to modify child support. A hearing before a magistrate was held on March 4, 1999. By decision filed March 15, 1999, the magistrate recommended that child support be reestablished and appellee pay child support in the amount of $65.83 per week. By judgment entry filed March 15, 1999, the trial court approved and adopted the magistrate's decision. On June 23, 1999, appellee filed a supplemental motion to vacate, terminate, stop or otherwise end the finding of paternity and terminate the current child support order. A hearing was held on September 29, 1999. By entry filed October 7, 1999, the trial court granted said motion. Findings of fact and conclusions of law were filed on December 20, 1999. Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I THE COURT ERRED BY APPLYING THE CASE OF CUYAHOGA SUPPORT ENFORCEMENT AGENCY V. GUTHRIE TO THE FACTS OF THE CASE PENDING.
 I
Appellant claims the trial court erred in vacating the prior determination on paternity. We agree. On October 23, 1998, the trial court had granted appellee's motion for relief from judgment, vacating its prior order finding appellee to be the father of the child and terminating any obligation to pay child support. Appellant filed a notice of appeal and this court reversed the decision, finding appellee "knew he was not he biological father of the minor child all along." See, In the Matter of: Misty Shaffer, et al. v. Jeremy Rusnak (July 1, 1998), Guernsey App. No. 97CA26, unreported, at 4. After an appeal to the Supreme Court of Ohio was denied, appellee filed another motion with the trial court to vacate the finding of paternity. The trial court granted this motion and once again vacated its prior orders. In Nolan v. Nolan (1984), 11 Ohio St.3d 1, 3, the Supreme Court of Ohio discussed "the law of the case doctrine" as follows: Briefly, the doctrine provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels.* * * Thus, where at a rehearing following remand a trial court is confronted with substantially the same facts and issues as were involved in the prior appeal, the court is bound to adhere to the appellate court's determination of the applicable law.
We find the law of the case doctrine is applicable sub judice. This court already found the DNA test results were irrelevant because appellee knew he was not the biological father of the child at the time of acknowledgment. In support of his supplemental motion to vacate, terminate, stop or otherwise end the finding of paternity and terminate the current child support order, appellee cited the case of Cuyahoga Support Enforcement Agency v. Guthrie (1999), 84 Ohio St.3d 437, wherein the Supreme Court of Ohio held trial courts have continuing jurisdiction to modify or revoke judgments issued under sections R.C. 3111.01
through R.C. 3111.19, R.C. 3111.13(C) and (D) and R.C. 3111.15(B). We find the Guthrie case to be distinguishable from the case sub judice. The Guthrie case did not involve an acknowledgment of paternity but rather a finding of paternity by the trial court. Upon review, we find the trial court erred in vacating the prior determination on paternity. The sole assignment of error is granted.
The judgment of the Court of Common Pleas of Guernsey County, Ohio, Juvenile Division is hereby reversed.